IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL WRIGHT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-02571-MSN-atc |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**

Before the Court by Order of Reference[1] is the Motion to Dismiss for Lack of Subject-Matter Jurisdiction of Defendant United States of America, filed on January 11, 2024. (ECF No. 17.) Plaintiff Michael Wright responded in opposition to the Motion with a document entitled "Affidavit of Proof" on January 23, 2024. (ECF No. 18.) For the reasons set forth below, the Court RECOMMENDS that the Motion be granted and that this case be dismissed.

**PROPOSED FINDINGS OF FACT**

Wright initiated this case by filing a document entitled "Writ of Mandamus" (the "Writ") on September 5, 2023. (ECF No. 1.) Although the precise allegations of the document are difficult to follow, Wright alleges that he serves as the foreman of a purported common law grand jury located in Shelby County, Tennessee,[2] and that this grand jury was formed under the

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Due to the confusing nature of Wright's allegations, the Clerk's Office originally listed "Shelby County Courts" as a Defendant in this matter. However, Wright subsequently clarified in a

power and authority granted to the people under the United States Constitution. (*Id.* at 2–4.) Wright contends that citizens in his jurisdiction have suffered "numerous violations of their rights" and argues that the purported common law grand jury that he is the foreperson of is the correct entity to redress these violations. (*Id.*) Wright then purports to cite various historical documents that allegedly legitimize his common law grand jury and establish that "no branch or agency of government has the right to assemble grand juries . . . ." (*Id.* at 3–13.) Though the exact purpose of the Writ is unclear, it appears that Wright seeks to dissolve any grand juries formed under the authority of the federal government and recognize only his purported common law grand jury. (*Id.* at 3.)

Wright sent his original Writ to each federal judge in the Western District of Tennessee, after which the Clerk's Office opened the instant case. The original Writ in this case is directed to the attention of Chief United States District Judge Sheryl H. Lipman. (*Id.* at 2.) Wright subsequently filed a document entitled Amended Writ of Mandamus (the "Amended Writ") on October 25, 2024, directed to the attention of United States District Judge Mark S. Norris. (ECF No. 9, at 3.) The Amended Writ appears to be substantively similar to the original Writ and restates many of the same unclear allegations concerning the purported common law grand jury that Wright is the foreperson of. (*Id.* at 2–14.) Wright again appears to seek the dissolution of any grand juries formed under the authority of the federal government and the recognition of only his purported common law grand jury. (*Id.* at 4.)

After the filing of his Amended Writ, Wright made four subsequent filings in this case: (1) a document entitled "Affidavit of Intent," filed on November 3, 2023, consisting of additional

---

document entitled "Affidavit" that the sole Defendant in this matter is the United States of America. (ECF No. 8.)

allegations from Wright about common law grand juries (ECF No. 10); (2) a document entitled "Presentment," also filed on November 3, 2023, which purports to be a criminal charging document against Judge Norris (ECF No. 11); (3) a document entitled "Affidavit of Notice," filed on November 13, 2023, in which Wright alleges that Judge Norris should recuse himself from this case due to a purported "criminal complaint against Judge Norris and a true bill of presentment from the common law jury" against him (ECF No. 13); and (4) a collection of affidavits from third parties in which they allege that common law grand juries may be formed under the Constitution and that they have controlling authority over the various branches over the federal government (ECF No. 16).

## PROPOSED CONCLUSIONS OF LAW

Defendant argues that Wright's case should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 17.) Specifically, Defendant contends that Wright has not identified any basis for this Court's jurisdiction and that "the only statute that could serve as a source of jurisdiction, the Mandamus Act, 28 U.S.C. § 1361, does not apply to the United States." (*Id.* at 2.) In response, Wright does not contest Defendant's assertion that he failed to identify a specific basis for subject matter jurisdiction or that the Mandamus Act does not apply to Defendant to confer jurisdiction on this Court. (ECF No. 18.) Instead, Wright effectively argues that his Writs are self-validating through the superior authority of his purported common law grand jury and that the Constitution and the Bible require that Defendant comply with his directives. (*Id.* at 2–6.)

### I.   Standard of Review for Lack of Subject Matter Jurisdiction

"A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional

3

power to adjudicate the case." *Yovo v. U.S. Citizenship & Immigr. Servs.*, No. 2:23-cv-02329-JTF-tmp, 2023 WL 8654438, at *1 (W.D. Tenn. Dec. 14, 2023). "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving jurisdiction." *Id.* (quoting *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. Apr. 7, 2014)). "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018). "The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)).

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Even so, pro so litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted). "A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

## II.     Wright's Claims Should Be Dismissed for Lack of Subject Matter Jurisdiction.

As Defendant correctly notes in its Motion to Dismiss, Wright fails to identify a specific basis for this Court's subject matter jurisdiction over his claims, and the Mandamus Act provides the only possible source of subject matter jurisdiction over his Writs. (ECF No. 17, at 2.) The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This statute, however, does not apply to the United States itself. *See, e.g.*, *Muirhead v. Mecham*, 427 F.3d 14, 18 (1st Cir. 2005) ("[T]he mandamus statute applies only to officers and employees of the United States, rather than to the United States itself . . . ."); *Hartman v. Alliance Mortg. Co.*, 191 F.3d 452, 1999 WL 777309, at *2 (6th Cir. 1999) (unpublished table decision) ("While [the Mandamus Act] permits mandamus actions against federal officials, it does not waive sovereign immunity" and thus does not confer subject matter jurisdiction for actions against the United States itself).

Here, Wright names only the "United States of America" as a Defendant in his Writs. (ECF No. 8, at 2; ECF No. 9, at 1.) However, the Mandamus Act does not apply to the United States itself, it does not contain a waiver of sovereign immunity, and it does not provide this Court with subject matter jurisdiction over this matter. *See, e.g.*, *West v. United States*, No. 3:16-cv-02460, 2017 WL 11550009, at *1 (M.D. Pa. July 25, 2017), *report and recommendation adopted*, 2017 WL 11550008 (M.D. Pa. Aug. 23, 2017) ("[T]his Court lacks jurisdiction to issue a writ of mandamus against the United States itself."); *Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008) (dismissing a mandamus claim against the United States for lack of subject-matter jurisdiction because "such claims may be brought only against an officer, employee, or agency of the United States, 28 U.S.C. § 1361, and here [the plaintiff] has sued only the United

States itself rather than any federal officer or agency"). Because Wright cannot establish subject matter jurisdiction under the Mandamus Act and has not otherwise pled a plausible basis for this Court's jurisdiction, Defendant's Motion to Dismiss should be granted.

### III. Wright's Claims Should Also Be Dismissed as Frivolous.

Wright's claims also have no basis in either fact or law, as Wright is not a sovereign entity who can override the laws of local, state, and federal governments. "A complaint can be frivolous either factually or legally." *Eshleman v. Chester County*, No. 1:15-cv-1106-JDT-egb, 2015 WL 13744665, at *2 (W.D. Tenn. Nov. 17, 2015), *report and recommendation adopted*, 2016 WL 843390 (W.D. Tenn. Mar. 1, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29). "Statutes allowing a complaint to be dismissed as frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Id.* at 471 (quoting *Neitzke*, 490 U.S. at 327). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as true." *Id.* at 471 (citing *Iqbal*, 556 U.S. at 678–79; quoting *Neitzke*, 490 U.S. at 327–28).

"A district court may sua sponte dismiss a complaint for lack of subject-matter jurisdiction when the allegations 'are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion,' such that they do not 'involve a federal

6

controversy.'" *Danziger v. U.S. Sec. & Exch. Comm'n*, No. 22-3069, 2022 WL 18495414, at *2 (6th Cir. Aug. 22, 2022) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "In other words, absent a valid cause of action, federal courts lack subject matter jurisdiction, and a Rule 12(b)(1) dismissal is appropriate." *Id.*; *see also Woodson*, 2022 WL 16963997, at *1–2 (dismissing a frivolous sovereign citizen complaint for lack of subject matter jurisdiction because the complaint "fails to state a claim for relief that would satisfy the lenient standards of Rule 12(b)(1)").

With respect to Wright's arguments, which resemble those often raised by self-described "sovereign citizens," these arguments challenging the authority of the Court to empanel grand juries and claiming the ability to do the same are frivolous and "should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see also Roach v. Arrisi*, No. 8:15-cv-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("Such theories have not only been rejected by the courts, but also recognized as 'frivolous and a waste of the court resources. . . . [S]overeign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars.'" (quoting *Muhammad v. Smith*, No. 3:13-cv-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014)). "[S]overeign citizen contentions represent a categorically different level of frivolity, in that they are filed for the purpose of attacking and threatening the integrity of the court system and the rule of law" and should be disregarded out of hand. *Muhammad v. Shoffner*, No. 22-cv-2053-SHL-tmp, 2022 WL 3656859, at *2 (W.D. Tenn. July 28, 2022), *report and recommendation adopted*, 2022 WL 3652960 (W.D. Tenn. Aug. 24, 2022) (disregarding the pro se plaintiff's arguments alleging that the Court and opposing counsel were in violation of the Foreign Agents Registration Act and

awarding attorneys' fees against the plaintiff because his sovereign citizen claims were "frivolous, unreasonable, and without foundation") (citations omitted).

Because Wright's claims are premised on his allegations that he is a co-equal sovereign with the federal government and that the purported common law grand jury that he is the foreperson of is superior to those of the federal courts, Wright's claims are factually and legally frivolous and should be dismissed. *See, e.g.*, *Dunn v. Post*, No. 21-1412, 2022 WL 1297586, at *2 (6th Cir. Jan. 27, 2022) (quoting *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008)) (affirming dismissal as frivolous of § 1983 claims founded on the plaintiff's allegations that he was not subject to state law as a sovereign citizen); *Wolshlager v. Gast*, No. 1:19-cv-293, 2019 WL 2250752, at *1 (W.D. Mich. May 2, 2019), *report and recommendation adopted*, 2019 WL 2250519 (W.D. Mich. May 24, 2019) (dismissing the complaint as frivolous under Rule 12(b)(1) where the plaintiff's allegations were founded on his purported exemption from state law as a sovereign citizen).

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Defendant's Motion to Dismiss be granted and that this case be dismissed for lack of subject matter jurisdiction.

Respectfully submitted this 25th day of July, 2024.

s/ Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.