IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MICHAEL WRIGHT,

    Plaintiff,

v.                                                                                          Case No. 2:23-cv-02571-MSN-atc

UNITED STATES OF AMERICA,

    Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING COMPLAINT**

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 19, "Report") entered June 14, 2024. The Report recommends that the Complaint be dismissed for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) because (1) Plaintiff has not identified any basis for this Court's jurisdiction, and (2) the Mandamus Act, 28 U.S.C. § 1361, does not apply. (*Id.* at PageID 5.) Plaintiff filed a document entitled "Notice of Appeal" on August 7, 2024, which the Court construes as objections to the Report. (ECF No. 23).[1] Defendant United States of America ("Defendant") responded on August 12, 2024. (ECF No. 25).

---

[1] On January 23, 2024, Plaintiff filed an "Affidavit of Intent" in support of his claims, which reiterates his arguments concerning a common law grand jury. (ECF No. 21 at PageID 158-60.) However, this affidavit does not provide any additional legal basis or factual allegations sufficient to establish subject matter jurisdiction.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

As set forth in the Report, the Magistrate Judge recommended dismissing Plaintiff's claims as frivolous. (ECF No. 19 at PageID 6-8.) The Report explained that Plaintiff's claims were premised on legally and factually frivolous arguments, including that he is a co-equal sovereign with the federal government and that the common law grand jury he purportedly represents is superior to the federal courts.[2] (*Id*. at PageID 8.)

Plaintiff filed his "Notice of Appeal" on August 7, 2024, which the Courts construes as objections to the Report. (ECF No. 23.) Plaintiff's objections, however, fail to meet the specificity requirement under Federal Rule of Civil Procedure 72(b)(2). Plaintiff did not make any specific objections, nor did he cite any pertinent legal authority. Instead, Plaintiff reiterated his prior arguments and made personal attacks against Magistrate Judge Christoff, which are insufficient to trigger *de novo* review. (*Id.* at PageID 167-69).

The Court has reviewed the Report for clear error and finds none. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report in its entirety, and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

---

[2] Plaintiff asserted that "not once did [the magistrate judge] cite the [C]onstitution's text." This Court, however, reiterates that the supremacy clause of the United States Constitution establishes that the Constitution and federal laws made pursuant to it are the supreme law of the land. U.S. Const. art. VI, cl. 2. This reference is particularly timely as Constitution Week is celebrated this week, reminding us of the foundational principles enshrined in the Nation's highest law. 36 U.S.C. § 108.

**IT IS SO ORDERED**, this 23rd day of September, 2024.

                                                  *s/ Mark S. Norris*
                                                  MARK S. NORRIS
                                                  UNITED STATES DISTRICT JUDGE